**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| ASHLEY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV625-011 |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ashley Davis seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I.    GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."

1

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments

2

meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."

3

*Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II.   BACKGROUND

Davis, born on June 29, 1988, applied for DIB in June 2021, alleging disability beginning August 12, 2020. Tr. 188. She alleged disability due to chronic migraines, light sensitivity, frequent migraines, light-headedness, difficulty sleeping due to pain, anxiety, depression, obesity, and sinus surgery. Tr. 205. She has a bachelor's degree, tr. 37, and past relevant work as a procurement clerk and invoice control clerk, tr. 18, 38-40, 50-51.

The ALJ found Davis' migraine headaches, anxiety, depression, and impulse control disorder to be severe impairments,[1] tr. 12-13, but determined they did not meet or medically equal a Listing, tr. 13-14. The ALJ then found that Davis retained the RFC to perform a full range of work at all exertional levels, with the following limitations:

> [T]he claimant can frequently climb stairs and ramps but never climb ladders, ropes, and scaffolds. The claimant should avoid concentrated exposure to hazards, vibration, temperature extremes, fumes, odors, dust, and gases. The claimant is able to perform

---

[1]   The ALJ found Davis' obesity, benign arachnoid cyst, acute upper respiratory illness, and sinusitis to be not severe. Tr. 13.

and sustain simple, routine tasks for two-hour periods throughout an 8-hour workday.

Tr. 14-18. The ALJ determined that Davis could not perform her past relevant work as actually or generally performed, tr. 18, but found that there are jobs that exist in significant numbers in the national economy that she could perform, tr. 18-19. Therefore, she was found to be not disabled. Tr. 18.

Because the Appeals Council denied Davis' request for review, tr. 1-6, the ALJ's December 6, 2023 decision, tr. 7-23, is the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [courts] review the ALJ's decision as the Commissioner's final decision."). Davis filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1; *see also* 42 U.S.C. § 405(g). The parties have submitted their briefs, docs. 11, 13, & 14, and the matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III.  ANALYSIS

Davis challenges the sufficiency of the ALJ's formulation of her RFC.  Doc. 11 at 11.  She contends the ALJ failed to include an explanation as to how the limitations of the RFC account for her migraine condition, *id.* at 12, and failed to include any limitations accounting for the moderate limitations in concentration, persistence and pace the ALJ found at Step 3, *id.* at 21-24.  She also argues the ALJ did not adequately evaluate her subjective symptoms.  *Id.* at 16-21.  Because Plaintiff is correct that the ALJ failed to appropriately explain how the RFC accounts for her migraines and inadequately evaluated her subjective testimony, remand is appropriate.

At Step 2, the ALJ found Plaintiff's migraines to be a severe impairment. Tr. 12.  As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv), (e).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5

(11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider statements about what a claimant can do from medical sources and the claimant. 20 C.F.R. § 404.1545(a); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). Social Security Ruling 96-8p describes an RFC as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8P, 61 Fed. Reg. 34474, 34475 (July 2, 1996). The "assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

In explaining her assessment of the Plaintiff's RFC, the ALJ summarized the medical records related to Plaintiff's history of migraines. Tr. 15-17. Plaintiff has been treated for migraines since she was 15, including by multiple neurologists, and has undergone various treatments. Tr. 15. In 2020, she reported her migraines were responsive to treatment, but other treatment was being explored. *Id.*

By 2021, she reported 10 to 12 migraines per month and was diagnosed with intractable migraines.  Tr. 16. In January 2022 she reported that an increased frequency of headaches was improved with Botox therapy. *Id.*  In July 2022, she reported numbness, tingling sensations, excessive drowsiness, headaches, vertigo, and migraines.  *Id.*  Although the mental status exam was unremarkable, she did report "an increase to 19 migraines a month with nausea and vision change with a loss of medication efficacy."  *Id.*  By October 2022, the migraines were still frequent, although Plaintiff reported the medication was helping with the severity.  *Id.*  In a follow up visit in February 2023, her neurological and mental status examinations were within normal limits, and Plaintiff reported 19 migraines per month lasting all day.  *Id.*  At that time she was not taking medication, but by March 2023 she received a "migraine cocktail infusion" and had preventative prescriptions.  *Id.*

Based on this summary, the ALJ stated, in a conclusory manner, that "[t]he environmental and postural limitations in the above residual functional capacity augmented by the mental health limitations above account for the symptoms as supported by the medical evidence of Record." Tr. 16.  A determination that Plaintiff's migraines are a severe

8

impairment means the migraines significantly limited her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 404.1522(a); *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010) ("By definition, a severe impairment limits significantly a claimant's ability to do basic work activities."). However, there is no indication that any limitations from Plaintiff's severe impairment of migraines were included in the ALJ's residual-functional-capacity assessment. The ALJ neither expressly linked any of the RFC limitations to Plaintiff's severe impairment of migraines, nor did she discuss how migraines might affect Plaintiff's adaptability to work settings or her ability to perform job duties. Tr. 15-16. Apart from the summary of Plaintiff's medical record, the decision does not provide information regarding what limitations the ALJ ultimately attributed to the migraine headaches. Even if some of the non-exertional limitations in the RFC were intended to address Plaintiff's migraines, the ALJ made no effort to connect any limitation to her migraine-related impairments. "In short, remand is necessary 'because the ALJ did not meaningfully conduct the proper legal analysis about the effect of [Plaintiff's migraines] on her RFC.'" *Nance v. Comm'r of Soc. Sec.*,

2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (quoting *Raduc*, 380 F. App'x at 899).

Compounding the issue, Plaintiff is correct that the ALJ improperly evaluated her subjective complaints of pain related to her migraines. Doc. 11 at 16-21. When a claimant provides testimony concerning her subjective symptoms, the ALJ must determine whether there exists "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). When discrediting a claimant's subjective

10

allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

The ALJ stated, in a conclusory manner, that the Plaintiff's "statements about the intensity, persistence, and limiting effects of his or her symptoms . . . are inconsistent with the claimant's overall medical evidence of Record." Tr. 15. Other than summarizing the medical record, the ALJ does not identify any portion of that record that is inconsistent with Plaintiff's subjective complaints of her migraines. The ALJ's decision does not discuss any of Plaintiff's subjective testimony, *see generally* tr. 15-17, but during the hearing Plaintiff testified that she has a migraine "almost every day," and her medications take her "completely out," tr. 40-41. She testified she is nauseous, and sensitive to light and noise. Tr. 41. If the ALJ considered this testimony, it is glaringly absent from the written decision. The ALJ's general statement that Plaintiff's statements regarding the extent of her pain and limitations were inconsistent with the record failed to provide an explicit and adequate explanation for

11

discrediting this testimony.  Moreover, the implication as to Plaintiff's credibility was not obvious from the ALJ's opinion that merely summarized portions of the medical evidence, which was not necessarily inconsistent with Plaintiff's descriptions of her migraine symptoms. Remand is, therefore, warranted on this issue as well.

As for the third argument, related to the alleged failure of the RFC to account for Plaintiff's moderate limitation in concentration, persistence, and pace, *see* doc. 11 at 11, the Court need not decide the issue in light of the fact that the case is being remanded for other reasons.  *See, e.g., Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record*")*; *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1323 n. 10 (11th Cir. 2015) (explaining that "[b]ecause this case must be remanded for consideration of the new evidence, [the court] need not address" the plaintiff's additional arguments in support of his appeal);*; see also Demenech v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining

12

arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings).

## IV.   CONCLUSION

For the reasons provided above, the Commissioner's final decision should be **REVERSED**, and this case should be **REMANDED** for further proceedings.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 19th day of February, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

14